UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

               Plaintiff,

       v.

TRYN PARKER,

               Defendant.

REPORT & RECOMMENDATION

08-CR-6270L

---

By Order of Hon. David G. Larimer, United States District Judge, dated June 23, 2009, all pretrial matters in the above-captioned case were referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 40).

Currently pending before this Court are two *pro se* motions seeking to dismiss the indictment, which were filed by defendant Tryn Parker ("Parker") on August 17, 2009 and October 28, 2009, respectively.  (Docket ## 47, 52).[1]  By Order of this Court all pretrial motions, both dispositive and non-dispositive, were to be filed by April 15, 2009.  (Docket # 21).  In a Decision and Order dated November 5, 2009, Judge Larimer referred the October 28, 2009 motion to me to "determine in a Report and Recommendation whether the Court should even consider the motion" on the basis that Parker's filing was both untimely and *pro se*.  (Docket # 54).[2]

---

[1]  The August 17, 2009 motion seeks to dismiss the indictment on the basis of alleged violations of Parker's right to a speedy trial under 18 U.S.C. § 3161, *et seq*.  (Docket # 47).  The October 28, 2009 motion seeks to dismiss the indictment on the basis that the postal inspector who investigated Parker's case did so without any legal authority.  (Docket # 52).

[2]  Although not specifically referred, I will also address Parker's August 17, 2008 *pro se* motion.

The Federal Public Defender was initially appointed to represent Parker and filed omnibus pretrial motions on Parker's behalf. (Docket ## 13, 15). During the course of that representation, Parker also filed four *pro se* motions to dismiss the indictment. (Docket ## 10-12, 14). The Court then granted Parker's request for new counsel and appointed Christopher S. Ciaccio, Esq. to represent him. (Docket ## 17, 18). This Court allowed Parker's new counsel to file new motions on Parker's behalf or to supplement the motions filed by the previous counsel. (Docket # 18). Parker's counsel later adopted the previous counsel's motions, as well as Parker's *pro se* motions, and filed a motion to suppress identification testimony. (Docket ## 32, 33). On October 21, 2009, this Court issued a Report and Recommendation, familiarity with which is assumed, on the above-referenced motions. (Docket # 51). Parker's counsel has not moved to withdraw as counsel, nor has Parker waived his right to counsel and sought to proceed *pro se*.

Although criminal defendants possess both the right to appear *pro se* and to appointed counsel, ordinarily "those rights cannot both be exercised at the same time." *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977), *cert. denied*, 435 U.S. 976 (1978). Thus, "a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (citing *Ennis v. LeFevre*, 560 F.2d at 1075; *United States v. Cyphers*, 556 F.2d 630, 634 (2d Cir.), *cert. denied*, 431 U.S. 972 (1977)), *cert. denied*, 493 U.S. 1081 (1990). *See also United States v. Stevens*, 83 F.3d 60, 67 (2d Cir.) ("defendant has no absolute right" to serve as co-counsel in his defense), *cert. denied*, 519 U.S. 902 (1996). Whether to permit such "'hybrid representation' lies solely within the discretion of the trial court." *United States v. Tutino*, 883 F.2d at 1141 (citing

*O'Reilly v. New York Times Co.*, 692 F.2d 863, 869 (2d Cir. 1982)). A court need not permit hybrid representation if a defendant does not offer a "compelling reason," *id*., or show that "the interests of justice [would be] served by a defendant's supplementation of the legal services provided by his retained counsel," *United States v. Swinton*, 400 F. Supp. 805, 806 (S.D.N.Y. 1975). *See also United States v. Muyet*, 985 F. Supp. 440, 441 (S.D.N.Y. 1998) (denying defendant's motion to submit *pro se* amendments to his attorney's post trial motions). Where the Court declines to exercise its discretion to permit hybrid representation, the Court may deny any pending *pro se* motions. *See United States v. D'Souza*, 1992 WL 151920, *2 (E.D.N.Y. 1992) (denying defendant's *pro se* motions without prejudice to later presentation through counsel).

Here, Parker has not moved for an order permitting him to act as co-counsel, nor has he presented any reason why the interests of justice would be served by permitting him to supplement his counsel's advocacy. Further, the instant motions were filed well after the court-imposed deadline, which was sufficient to afford adequate time to Parker's attorney to file any appropriate pretrial motions. *Cf. United States v. Muyet*, 985 F. Supp at 440 (noting that defendant's substituted counsel had liberal time "to review the trial record and make those arguments that he deemed to be meritorious"). Finally, Parker's voluminous, repetitive and untimely filings are burdensome and may "unwittingly prejudice his own case by making an unwary admission or a statement contradicting one of his earlier outpourings." *United States v. D'Souza*, 1992 WL 151920 at *2 (considering the burden defendant's "unflagging stream of correspondence" imposed on the opposition and that defendant's *pro se* advocacy could "prevent counsel from raising it in a more competent manner").

Therefore, this Court recommends that the District Court deny Parker's *pro se* motions to dismiss the indictment.

## **CONCLUSION**

For the foregoing reasons, it is my recommendation that Parker's *pro se* motions to dismiss the indictment **(Docket ## 47, 52)** be **DENIED**.

<u>*s/Marian W. Payson*</u>
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
December 22, 2009

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[3]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      December   22  , 2009

---

[3] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).